PROB 12C
(7/93)

# United States District Court
### for the
# District of Alaska

### Petition for Warrant or Summons for Offender Under Supervised Release

FILED

SEP 1 5 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

Dep.

Name of Offender: Clifford Johnson III                    Case Number: A98CR0101

| | |
|---|---|
| Sentencing Judicial Officer: | John W. Sedwick, Chief U.S. District Court Judge |
| Date of Original Sentence: | August 27, 1998 |
| Original Offense: | Use of a Telephone to Conduct a Drug Transaction, 21 USC 843(b) |
| Original Sentence: | 96 months custody and 1 year supervised release; drug treatment and testing; search/seizure. |
| Date Supervision Commenced: | February 23, 2005 |

Asst. U.S. Attorney: Stephan Collins                    Defense Attorney: Hugh Fleischer

---

### PETITIONING THE COURT
SEALED

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about August 2, 2005, at Anchorage, Alaska, the defendant committed the crime of Third Degree Misconduct Involving a Controlled Substance, in violation of Alaska Statutes 11.71.030(a)(1); 11.16.110(2)(A) and/or(B). The defendant knowingly delivered cocaine to another individual. This violation is a Grade A violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]   Revoked
[ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:



*Petition for Warrant or Summons*
*Name of Offender :*        *Clifford Johnson III*
*Case Number*            :        *A98CR0101*

Respectfully submitted,

## REDACTED SIGNATURE

Michael Pentangelo
Senior U.S. Probation Officer
Date: September 12, 2005

Approved by:

## REDACTED SIGNATURE

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[✓]     *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.*  The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[  ]     The issuance of a summons.  The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s).  The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[  ]     Other:

## REDACTED SIGNATURE

A98-0101--CR (JWS)        9-15-05
------------------------------------------------------
✓S. COLLINS (US ATTY)
✓US MARSHAL
✓US PROBATION

✓MAGISTRATE JUDGE ROBERTS
✓DEF W/USM CY

John W. Sedwick
Chief U.S. District Court Judge

9-13-05
_____
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court

for the

# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case Number: A98CR0101 |
| | ) | |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| | ) | |
| Clifford Johnson III | ) | |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Clifford Johnson III, and in that capacity declare as follows:

The defendant commenced supervised release on February 3, 2005.

On April 5, 2005, the defendant submitted to urinalysis testing which proved positive for cocaine. On July 8, 2005, the defendant initially tested positive for cocaine and later admitted to cocaine use. He was referred to the Salvation Army Clitheroe Center for outpatient substance abuse treatment.

On August 2, 2005, the probation officer received telephonic contact from an officer with the Anchorage Police Department (APD) who advised that the defendant had been contacted subsequent to a police investigation and that although he was not arrested, he remains a suspect in an illicit drug transaction. Specifically, the defendant was observed delivering a quantity of cocaine base to a known prostitute and another individual.

On August 31, 2005, the State of Alaska issued a warrant for the defendant's arrest charging the offense of Third Degree Misconduct Involving a Controlled Substance, in violation of Alaska Statute (AS) 11.71.030(a)(1), AS 11.16.110(2)(A) and/or (B).

The defendant was arrested by the APD on September 8, 2005 at the U.S. Probation Office and remains in custody with $50,000 bail set.

Executed this 9th day of September, 2005, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Michael Pentangelo
Senior U.S. Probation Officer